IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KATHLEEN ARBOGAST**,

      Plaintiff,

vs.

Case No. 13-CV-4007-JAR/KMH

**STATE OF KANSAS, DEPARTMENT OF LABOR, and**
**KARIN BROWNLEE, Individually**

      Defendants.

## MEMORANDUM AND ORDER

Plaintiff, Kathleen Arbogast, filed this civil action against Defendants State of Kansas Department of Labor ("KDOL") and Karin Brownlee, former Secretary of Labor for the State of Kansas seeking damages for several employment discrimination and retaliation claims arising under the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701, and the Family Medical Leave Act, 29 U.S.C. § 2611 ("FMLA"). Before the Court is Plaintiff's Motion for Continuance to Conduct Discovery Regarding Defendant KDOL's Motion for Summary Judgment (Doc. 25). The motion is fully briefed and the Court is prepared to rule. For the reasons set forth below, Plaintiff's motion is granted with limitations.

I.    **BACKGROUND**

On January 22, 2013, Plaintiff filed her Complaint against Defendants.[1] Defendants timely responded and filed separate motions to dismiss.[2] Defendant KDOL moves for dismissal

---

[1] Doc. 1.

[2] Doc. 10 (filed by Defendant Karin Brownlee); Doc. 16. (filed by Defendant KDOL).

1

or judgment on the pleadings under Fed. R. Civ. P. 12(b)(6) and (c), and alternatively, dismissal for lack of jurisdiction under Rule 12(b)(1) on Eleventh Amendment sovereign immunity grounds.[3] Defendant KDOL attached exhibits to its motion that were related to federal financial assistance it received for employment security in support of its argument that the State had not waived its sovereign immunity with respect to Section 504 of the Rehabilitation Act.[4] Both Defendants then filed unopposed motions to stay discovery, which were granted by the magistrate judge.[5] Plaintiff then requested and received an extension to respond to Defendant KDOL's motion.[6] Plaintiff did not file a substantive response to Defendant KDOL's motion but instead filed the instant motion to request discovery to enable her to respond. Plaintiff submitted an affidavit by counsel Alan Johnson, who attested that discovery is necessary to obtain information regarding all agreements that provided federal funding to Defendant KDOL.[7] Mr. Johnson opined that this information would help determine the scope and extent to which Defendant received federal financial assistance and would be able to establish waiver of sovereign immunity under the Rehabilitation Act. To date, no discovery has been delivered by either party in this action.

## II. DISCUSSION

---

[3]*See* Doc. 16. At this stage, the Court will treat Defendant's motion as a motion to dismiss under Rule 12(b)(1), consistent with the holding in *Mounkes v. Conklin*, 922 F. Supp. 1501, 1506 (D. Kan. 1996) (stating that "[w]hen a defendant seeks dismissal under Rule 12(b)(1) and 12(b)(6) in the alternative, the court must decide first the 12(b)(1) motion for the 12(b)(6) challenge would be moot if the court lacked subject matter jurisdiction.").

[4]*See* Docs. 17-3, 17-4, 17-5.

[5]Docs. 13, 18.

[6]*See* Doc. 22.

[7]Doc. 24-1.

Plaintiff moves this Court for a "continuance to conduct discovery," and argues that Defendant KDOL's motion to dismiss operates as a motion for summary judgment under Fed. R. Civ. P. 56 because it attaches exhibits outside the scope of pleadings. When reviewing a factual attack on subject matter jurisdiction, a court may not presume the truthfulness of the factual allegations.[8] The Tenth Circuit held that a court has wide discretion to authorize affidavits, other documents, and a limited evidentiary hearing to resolve jurisdictional disputes raised by a Rule 12(b)(1) motion without converting it to a Rule 56 motion, provided that the jurisdictional issue is not intertwined with the merits of the case.[9] Defendant KDOL attached exhibits in support of its claim for sovereign immunity, which is a jurisdictional issue. It is proper to consider information outside the pleadings because the jurisdictional issue is not intertwined with the Plaintiff's substantive claims against Defendant KDOL. Therefore, the Court declines to convert Defendant KDOL's motion to dismiss into a motion for summary judgment.

Nevertheless, the Court will address whether Plaintiff's request for discovery[10] was proper in response to Defendant KDOL's Rule 12(b)(1) motion to dismiss on jurisdictional grounds. The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.[11] "Thus, plaintiff bears the burden of showing why the case should not be dismissed." A stay of discovery is not appropriate to the extent that it "precludes a party

---

[8] *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

[9] *See id.*

[10] Since discovery has been stayed in this matter, Plaintiff's motion is more appropriately labeled as relief from stay (not a "continuance") of discovery and the Court will construe it as such.

[11] *Montoya*, 296 F.3d at 955.

3

from discovery on matters bearing on the dispositive motion."[12] "A court abuses its discretion when it stays discovery and prevents a party from having a sufficient opportunity to develop a factual basis for defending against the motion."[13] District courts have broad authority in the discovery context.[14] "This is so because discovery decisions necessarily involve an assessment of anticipated burdens and benefits of particular discovery requests in discrete factual settings, while at the same time also requiring the trial judge to take account of the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the ability of the proposed discovery to shed light on those issues, among other things."[15]

Because Plaintiff seeks to invoke this Court's jurisdiction, she bears the burden of establishing that such jurisdiction is proper. In order to do so, Plaintiff contends that discovery is necessary to resolve the jurisdictional question of whether Defendant KDOL received federal funds during Plaintiff's employment with Defendant KDOL. This Court agrees with Plaintiff. KDOL admitted that it received federal funds for unemployment insurance, albeit contending that Plaintiff's particular work division did not receive federal funds. In support of its contention, Defendant KDOL cites to K.S.A. 74-712, which governs how Plaintiff's employment division (workers' compensation) is funded. This statutory provision fails to clarify whether Defendant KDOL received federal funds because it focuses on the procedures related to funding

---

[12]*Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994); *see also Kutilek v. Gannon*, 132 F.R.D. 296 (D. Kan. 1990) (held that stay of all discovery until motion to dismiss on immunity grounds was resolved was not appropriate); *see also Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (held that when a defendant moves for dismissal for lack of jurisdiction, discovery limited to the facts raised by that motion is appropriate).

[13]*Id.*

[14]*Regan-Toughy v. Walgreen Co.*, 526 F.3d 641, 647 (10th Cir. 2008).

[15]*Id.*

4

rather than the source of funding.  K.S.A. 74-712 provides that the Kansas legislature has the authority to determine "the amount of such expense to be obtained from *other sources*," but does not define the *other sources* nor mandate that Plaintiff's employment division be solely limited to state funding or operate exclusive of federal funding.[16]  Defendant also attached the agreements and memo, which outlined the terms and manner in which the federal government provided financial assistance for unemployment insurance.  Plaintiff requests the opportunity to discover whether other such agreements existed to fund programs or activities within Plaintiff's former employment division.  These agreements and memo, standing alone, do not clarify whether or not other such agreements existed.

Thus, the Court cannot confirm or deny whether the source of all funding for Plaintiff's employment division was non-federal and finds that limited discovery will resolve this issue.  Given the unsettled jurisdictional questions, the Court is not convinced that Plaintiff has alleged facts that do not entitle her to relief.  Discovery bears on the Court's ability to rule on KDOL's Rule 12(b)(1) motion.  Although counsel for Plaintiff should not have been so quick to concede to a stay of discovery, to dismiss Plaintiff's complaint under these circumstances without allowing her a sufficient opportunity to develop a factual basis for defending against Defendant KDOL's motion to dismiss would be an abuse of discretion.  Limiting Plaintiff's discovery request to the sole issue of federal funding during the years that Plaintiff alleged discriminatory conduct could shed some light on the broader question of waiver of sovereign immunity and reduce any potential burden to Defendant KDOL.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for

---

[16]K.S.A. 74-712 (emphasis added).

Continuance to Conduct Discovery Regarding Defendant KDOL's Motion for Summary Judgement (Doc. 24) is **granted**.

**IT IS FURTHER ORDERED** that such discovery shall be limited to the question of whether Defendant KDOL received federal financial assistance for any programs or activities during 2008-2011, the time period that Plaintiff alleged discriminatory and retaliatory conduct.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **November 4, 2013** to conduct limited discovery and must file a response to Defendant KDOL's motion to dismiss by **November 18, 2013.**

**IT IS SO ORDERED.**

Dated: October 4, 2013

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE