IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KATHLEEN ARBOGAST**,

    Plaintiff,

vs.

**STATE OF KANSAS, DEPARTMENT OF LABOR, and KARIN BROWNLEE, Individually**,

    Defendants.

Case No. 13-CV-4007-JAR/KMH

## MEMORANDUM AND ORDER

Plaintiff, Kathleen Arbogast, filed this civil action against Defendants State of Kansas Department of Labor ("KDOL") and Karin Brownlee, former Secretary of Labor for the State of Kansas, seeking damages for several employment discrimination and retaliation claims arising under the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701 et seq., and the Family Medical Leave Act, 29 U.S.C. § 2611 et seq. ("FMLA"). Before the Court is Defendant Karin Brownlee's Motion to Dismiss (Doc. 10). The motion is fully briefed and the Court is prepared to rule. For the reasons set forth below, Defendant's motion is granted.

### I. BACKGROUND

Beginning in April of 2001, Plaintiff was employed as a Senior Administrative Assistant in the Workers Compensation Division of the KDOL, a state agency. Defendant Brownlee was formerly the Secretary of Labor of the KDOL. Plaintiff suffers from asthma, which impairs her breathing. In April of 2008, Plaintiff began raising concerns with her supervisors about fragrances in the workplace, which aggravated her asthma. In an attempt to accommodate Plaintiff, her supervisors requested that other employees not wear excessive perfumes; and an air

purifier was placed in Plaintiff's work area. Plaintiff reported that these accommodations did not alleviate her asthma and, consequently, filed a union grievance. In October of 2010, Defendant KDOL arranged to move Plaintiff's work space to the basement to limit her exposure to any fragrances. Defendant KDOL also created a policy limiting access to Plaintiff's basement work space to people who did not wear excessive fragrances. Still, Plaintiff continued to have problems when other employees frequented the basement.

On May 23, 2011, Plaintiff requested intermittent leave under the FMLA due to her asthma. Plaintiff's request was denied. On June 3, 2011 Plaintiff filed a complaint with the United States Department of Labor (DOL) regarding her denial of leave pursuant to the FMLA. The DOL subsequently found that Defendant KDOL had violated the FMLA.

On July 25, 2011, Plaintiff received a letter from Defendant Brownlee, detailing the chronology of Plaintiff's complaints about the perfume issue and Brownlee's intent to terminate Plaintiff's employment. In response to Brownlee's letter, Plaintiff met with and wrote a letter to Brownlee explaining why she had to continue to complain, outlining her work in the department, and suggesting a possible reassignment as a feasible alternative." A few days later, Plaintiff received a letter from Brownlee explaining that her employment was terminated, effective August 3, 2011, for insubordinate and disruptive behavior. Plaintiff subsequently appealed her termination to the Kansas Civil Service Board (the "Board"). During her appeal hearing, Plaintiff and Defendant KDOL were represented by counsel, several witnesses testified and evidence was submitted. The Board affirmed Plaintiff's termination in a final order that was issued on March 9, 2012.[1] Reconsideration of the Board's Order may be requested within fifteen

---

[1] *See* Doc. 9-2.

days after service of the final order pursuant to K.S.A. 77-529(a) but Plaintiff did not exercise her right to reconsideration.

On January 22, 2013, Plaintiff filed her Complaint against Defendants. Counts I and II of the Complaint, brought against both Defendants, seek money damages for discrimination and retaliation in violation of the Rehabilitation Act, 29 U.S.C. § 794. Counts III and IV, brought only against Defendant Brownlee in her individual capacity, seek injunctive relief and money damages for interference and retaliation in violation of the Family Medical Leave Act, 29 U.S.C. § 2611. Defendant Brownlee moves for dismissal of Counts III and IV for lack of subject matter jurisdiction under Rule 12(b)(1) and failure to state a claim under 12(b)(6).[2]

## II. STANDARDS

### A. *Rule 12(b)(1)*

The Court evaluates Defendant Brownlee's jurisdictional claim under Rule 12(b)(1). Federal courts are courts of limited jurisdiction and, as such, must have a statutory or Constitutional basis to exercise jurisdiction.[3] A court lacking jurisdiction must dismiss the case, regardless of the stage of the proceeding, when it becomes apparent that jurisdiction is lacking.[4] The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.[5] Here, "[P]laintiff bears the burden of showing why the case should not

---

[2] *See* Doc. 10.

[3] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see United States v. Hardage,* 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent. They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1.") (internal citations omitted).

[4] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[5] *Montoya*, 296 F.3d at 955.

3

be dismissed."[6] Mere conclusory allegations of jurisdiction are not enough.[7]

Generally, a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack. "First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true."[8] "Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."[9] Plaintiff has only facially challenged subject matter jurisdiction.

### B. *Rule 12(b)(6)*

The Court evaluates Defendant Brownlee's non-jurisdictional arguments under Rule 12(b)(6), which provides a vehicle for a party to challenge the legal sufficiency of a claim. The requirements underlying the legal sufficiency of a claim stem from Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."[10] To survive

---

[6]*Harms v. IRS*, 146 F. Supp. 2d 1128, 1130 (D. Kan. 2001).

[7]*United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

[8]*Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)) (internal citations omitted).

[9]*Id.* at 1003 (citing *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325); *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003).

[10]Fed. R. Civ. P. 8(a).

a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face."[11] "[T]he complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[12] The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[13] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[14] Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[15]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[16] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[17] Second, the court

---

[11]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[12]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original).

[13]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[14]*Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[15]*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[16]*Id.*

[17]*Id.* at 679.

5

must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[18] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19]

Finally, "[w]hen a defendant seeks dismissal under Rule 12(b)(1) and 12(b)(6) in the alternative, the court must decide first the 12(b)(1) motion for the 12(b)(6) challenge would be moot if the court lacked subject matter jurisdiction."[20]

**III. DISCUSSION**

Defendant Brownlee moves for dismissal of the FMLA claims in Counts III and IV, on grounds that she does not meet the statutory definition of "employer" and that the claims are also barred by Eleventh Amendment immunity and qualified immunity. Defendant Brownlee also posits that the claims are barred by res judicata. As described more fully below, the Court grants dismissal on Counts III and IV on the ground that Defendant Brownlee does not meet the statutory definition of "employer."

**A.     Eleventh Amendment Immunity**

Defendant argues that Plaintiff's claims are actually against Kansas, and Eleventh Amendment immunity bars any claims against Brownlee. "[A] suit for money damages may be prosecuted against a state officer in his individual capacity for unconstitutional or wrongful conduct fairly attributable to the officer himself, so long as the relief is sought not from the state

---

[18]*Id.*

[19]*Id.* at 678.

[20]*Mounkes v. Conklin,* 922 F.Supp. 1501, 1506 (D.Kan.1996) (citation omitted).

treasury but from the officer personally."²¹ "Although state monies may ultimately be used to satisfy a judgment obtained against a state official sued in his individual capacity, a state cannot extend its sovereign immunity to its employees by voluntarily assuming an obligation to indemnify them."²² Plaintiff brought suit against Defendant Brownlee individually—not in her official capacity. Any monetary relief that Plaintiff seeks from Defendant Brownlee would be satisfied from Defendant Brownlee's personal assets rather than Kansas' state treasury. Thus, the Eleventh Amendment is not implicated.

Defendant Brownlee suggests that Plaintiff attempts to circumvent Eleventh Amendment immunity by bringing claims against her individually. But she has not demonstrated that a judgment against her individually for money damages would legally require the state to comply with FMLA.²³ This suit against Brownlee in her individual capacity is thus not a circumvention of Eleventh Amendment immunity.

Defendant Brownlee further argues that Eleventh Amendment immunity bars the prospective injunctive relief sought Plaintiff's FMLA claims, as the state is the real party at interest. But,

> [w]hile the Eleventh Amendment bars federal court jurisdiction over a state agency for both money damages and injunctive relief, or a state official acting in her official capacity in a suit for damages, a suit for prospective injunctive relief against a state

---

²¹*Cornforth v. Univ. of Okla. Bd. of Regents*, 263 F.3d 1129, 1133 (10th Cir. 2001) (citing *Alden v. Main*, 527 U.S. 706, 757 (1999)); *see generally Brockman v. Wyo. Dept. of Family Servs.*, 342 F.3d 1159, 1165 (explaining that sovereign immunity does not bar suits for money damages or injunctive relief against the state).

²²*Cornforth*, 263 F.3d at 1133.

²³*See id.*

7

official acting in her official or individual capacity may still be brought in federal court pursuant to the *Ex parte Young*[24] doctrine."[25]

To be sure, Defendant Brownlee was involved in the decision to terminate Plaintiff's employment. But, a suit for injunctive or prospective relief from a state official in her individual capacity can only be sustained if the state official has "the power to perform the act required in order to overcome the jurisdictional bar of the Eleventh Amendment."[26] Defendant Brownlee lacks the power to reinstate Plaintiff's employment because Brownlee is no longer employed by the state. Thus, any claim for injunctive relief is barred by the Eleventh Amendment.

### B. Statutory "employer" under the FMLA

Even if the Eleventh Amendment does not bar all theories of recovery against Defendant Brownlee individually, she must be an "employer" under the FMLA for Plaintiff to recover monetary damages. The Tenth Circuit has not yet addressed whether a public official sued in her individual capacity is an "employer" under the FMLA;[27] other circuits are divided over whether

---

[24] The *Ex parte Young* doctrine allows public officials to be stripped of Eleventh Amendment immunity and held liable for continuing violations of federal law in their individual capacities. *See Ex parte Young*, 209 U.S. 123, 159–60 (1908).

[25] *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998).

[26] *Klein v. Univ. of Kan. Med. Ctr.*, 975 F. Supp. 1408, 1417 (D. Kan. 1997) (citing *Ex Parte Young*, 209 U.S. at 157).

[27] Plaintiff relies upon a district court decision from the Western District of Oklahoma, *Jeffers v. Redlands Comty. Coll. Bd. of Regents* No. CIV–11–1237–HE, 2012 WL 137412 (W.D. Okla. Jan. 18, 2012); but there are contrary decisions in that court as well. *See Lacher v. Bd. of Cnty. Comm'rs for Okla. Cnty. ex rel. Okla. Cnty. Clerk's Office, No. CIV–11–1038–M*, 2013 WL 268983 at * 5 (W.D. Okla. Jan. 24, 2013) *appeal dismissed*, No. 13-6046 (10th Cir. April 12, 2013); *Deboard v. Cnty. Comm'rs of Cnty. of Comanche*, No. CIV–12–192–M, 2012 WL 3061732 at *2 (W.D. Okla. July 26, 2012)

a public official, in her individual capacity is included in the definition of "employer."  The Eleventh and Sixth Circuits held that public officials in their individual capacity are not "employers" under the FMLA.[28]  Conversely, the Fifth and Eighth Circuits held that public officials in their individual capacity are "employers" under the FMLA.[29]  The Court finds particularly persuasive the textual statutory interpretation and analysis of the Sixth Circuit in *Mitchell v. Chapman*,[30] and concludes that public officials are not "employers" subject to liability under the FMLA.

In addressing a statutory construction question, "we begin with the language employed by Congress, and we read the words of the statute in their context and with a view to their place in the overall statutory scheme."[31]  "Courts must 'ordinarily resist reading words or elements into a statute that do not appear on its face.'"[32]  "It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that . . . no clause, sentence, or word shall be superfluous."[33]

The FMLA provides that an "employer" who denies rights conferred by the Act is subject to liability.  It is unlawful "for any employer to interfere with, restrain, or deny the exercise of or

---

[28]*Wascura v. Carver*, 169 F.3d 683, 685 (11th Cir. 1999); *Mitchell v. Chapman*, 343 F.3d 811, 832–33 (6th Cir. 2003) *cert. den.*,__ U.S.__, 124 S. Ct. 2908 (2004).

[29]*Modica v. Taylor*, 465 F.3d 174, 187 (5th Cir. 2006); *Darby v. Bratch*, 287 F.3d 673, 680–81 (8th Cir. 2002).

[30]343 F.3d 825-833.

[31]*United States v. Sturm*, 673 F.3d 1274, 1279 (10th Cir. 2012) (quoting *Been v. O.K. Indus.,* 495 F.3d 1217, 1227 (10th Cir. 2007)) (quotation omitted).

[32]*Id.* at 1279 (quoting *Bates v. United States,* 522 U.S. 23, 29 (1997)) .

[33]*TRW Inc. v. Andrews,* 534 U.S. 19, 31 (2001).

the attempt to exercise, any right provided under [the FMLA]."[34] If an employer interferes with an employee's FMLA-created right to a medical leave, it has violated the FMLA, regardless of its intent.[35] Sections 2611(4)(A)–(B) of the FMLA provides:

> **(A)** In general
>
> The term employer—
>
> **(i)** means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year;
>
> **(ii)** includes—
>
>> **(I)** any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer; and
>>
>> **(II)** any successor in interest of an employer;
>
> **(iii)** includes any "public agency", as defined in section 203(x) of this title; and
>
> **(iv)** includes the Government Accountability Office and the Library of Congress.
>
> **(B)** Public agency.
>
> For purposes of subparagraph (A)(iii), a public agency shall be considered to be a person engaged in commerce or in an industry or activity affecting commerce.

First, a plain reading of the statute suggests that public officials are not liable as individuals because the provision imposing individual liability is in a distinctly separate clause, § 2611(a)(ii)(I), from the provision, §2611(B), that imposes liability on a public agency.[36]

---

[34]*Id.* § 2615(a)(1).

[35]*Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1180 (10th Cir. 2006).

[36]*Mitchell*, 343 F.2d at 829–30.

Plaintiff's interpretation of "employer" under the FMLA urges that clauses (ii)–(iv) of § 2611(A) are interrelated and must be read together, rather than separately.

But, as the Sixth Circuit explained, the presence of the em dash following the term "employer" suggests that clauses (i)–(iv) modify the term employer.[37] The em dash is used again at clause (ii) to indicate the relationship between the subpart (I) on individual liability and subpart (II) on successors in interest.[38] Both subparts can be applied to private organizations but only one could apply to public agencies, as public agencies typically do not have successors in interest in labor situations.[39] It follows that section (ii) should not be applied to public agencies because the subpart on successors in interest would be superfluous as to public agencies.[40] Despite the consistent use of the em dash to show inter-relatedness, there is no such punctuation to show that sections (ii)-(iv) should be linked in the same manner.[41] In the absence of the em dash and considering that each clause is enumerated, logic suggests that clauses (ii)–(iv) are distinct provisions.

As the Sixth Circuit further stated, if the public agency provision were read with the provisions controlling individual liability, it would provide as follows:

> [T]he term employer means any person engaged in interstate commerce ... who employees 50 or more employees ...; and includes any person who acts directly or indirectly in the interest

---

[37] *Id.* at 829.

[38] *Id.* at 830.

[39] *Keene v. Rinaldi*, 127 F.Supp.2d 770, 776 (M.D.N.C. 2000).

[40] *Id.*

[41] *Mitchell*, 343 F.3d at 830.

11

> of any person engaged in interstate commerce ... who employs 50
> or more employees ...; and any successor in interest of any person
> engaged in interstate commerce ... who employs fifty or more
> employees; and includes any public agency engaged in interstate
> commerce ... who employs 50 or more employees ...; and includes
> any person who acts directly or indirectly, in the interest of the
> public agency engaged in interstate commerce ... who employs
> fifty or more employees; and any successor in interest of the public
> agency ... engaged in interstate commerce ... who employs fifty or
> more employees....[42]

In addition to the redundant results above, the provisions controlling individual liability (Sections (i)–(ii)) cannot commingle with the provision controlling public liability (Section (iii)), without rendering Section 2611(4)(B) superfluous.[43] Moreover, the Code of Federal Regulations defines "public agencies" under the FMLA as "employers" regardless of the number of employees that are employed by such an agency.[44] Thus, to commingle clause (i) with clause (iii) would lead to a conflicting result in how public agencies are treated under the FMLA.

The Court does not find persuasive the contrary approach adopted by the Fifth Circuit [45] and Eighth Circuit,[46] commingling the individual liability provision with the public agency

---

[42]*Mitchell v. Chapman*, 343 F.3d at 830-31.

[43]*Mitchell*, 343 F.3d at 829–30.; *see also Williams v. Taylor*, 529 U.S. 362, 404 (2000) (explaining that a bedrock of statutory construction is that a court must give effect to each clause and word of a statute).

[44]*Mitchell*, 343 F.3d at 831 (citing 29 C.FR. § 825.104, which provides in relevant part that "An employer covered by FMLA is any person engaged in commerce or in any industry or activity affecting commerce, who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. Employers covered by FMLA also include any person acting, directly or indirectly, in the interest of a covered employer to any of the employees of the employer, any successor in interest of a covered employer, and any public agency. Public agencies are covered employers without regard to the number of employees employed.")

[45]*Modica*, 465 F.3d at 184–86.

[46]*Darby*, 287 F.3d at 680–81.

12

provision,[47] and analogizing the FMLA to the Fair Labor Standards Act (the "FLSA"). The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."[48] To be sure, the FMLA borrows heavily from the FLSA. But, "in each instance where the FMLA adopts a provision of the FLSA, the FMLA refers directly to the FLSA, rather than provides a restatement of the FLSA's provision."[49] Moreover, the definition of "employer" is markedly different in these two statutes. The FMLA, unlike the FLSA, expressly segregates the clauses related to individual liability from those related to public agency.[50] Because the Court finds that the FLSA's statutory definition of employer is inapposite here, the Court declines to apply liability to Brownlee based on construction of the FLSA's definition of "employer."

### C. *Res Judicata and Qualified Immunity*

Given the Court's dismissal of Counts III and IV on the aforementioned grounds, the Court declines to address Defendant Brownlee's other grounds for dismissal, res judicata and qualified immunity.

---

[47]*Modica*, 465 F.3d at 185; *Darby*, 287 F.3d at 681.

[48]29 U.S.C. § 203(d); *Modica*, 465 F.3d at 186–87; *Darby*, 287 F.3d at 681.

[49]*Mitchell v. Chapman*, 343 F.3d at 831–32.

[50]"In 1974, Congress merely engrafted "Public Agency" into the FLSA by adding to an existing definition for private employers. This did create an ambiguous situation concerning the liability of public agency employees. But, in the FMLA, Congress explicitly took "Public Agency" out of the private employer definition and disconnected it from liability based on a person acting directly or indirectly in the interest of an employer. Therefore, a better way to view the situation is that the FMLA corrected the ambiguity of the FLSA, as opposed to letting the ambiguity of the FLSA control the interpretation of the FMLA." *Keene v. Rinaldi*, 127 F. Supp. 2d 770, 775 n.5 (M.D.N.C. 2000).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Brownlee's Motion to Dismiss Counts III and IV (Doc. 10) is **GRANTED.**

Dated: March 31, 2014

                                               S/ Julie A. Robinson

                                               JULIE A. ROBINSON

                                               UNITED STATES DISTRICT JUDGE