IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KATHLEEN ARBOGAST**,

        Plaintiff,

vs.                                         Case No. 13-CV-4007-JAR/KMH

**STATE OF KANSAS, DEPARTMENT OF LABOR, and
KARIN BROWNLEE, Individually**
        Defendants.

## MEMORANDUM AND ORDER

Plaintiff, Kathleen Arbogast, filed this civil action against Defendants, State of Kansas Department of Labor ("KDOL") and Karin Brownlee, former Secretary of Labor for the State of Kansas, seeking damages for several employment discrimination and retaliation claims arising under the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701 et seq., and the Family Medical Leave Act, 29 U.S.C. § 2611 et seq. ("FMLA"). Before the Court is Defendant Kansas Department of Labor's Motion to Dismiss or for Judgment on the Pleadings (Doc. 16). The motion is fully briefed and the Court is prepared to rule. For the reasons set forth below, Defendant KDOL's motion is **denied** in part and **granted** in part.

**I.    STANDARDS**

    *A.    Rule 12(b)(1)*

The Court evaluates KDOL's jurisdictional claim under Rule 12(b)(1). Federal courts are courts of limited jurisdiction and, as such, must have a statutory or Constitutional basis to

exercise jurisdiction.[1] A court lacking jurisdiction must dismiss the case, regardless of the stage of the proceeding, when it becomes apparent that jurisdiction is lacking.[2] The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.[3] Here, "[P]laintiff bears the burden of showing why the case should not be dismissed."[4] Mere conclusory allegations of jurisdiction are not enough.[5]

Generally, a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack. "First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true."[6] "Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."[7]

---

[1] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see United States v. Hardage,* 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent. They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1.") (internal citations omitted).

[2] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[3] *Montoya*, 296 F.3d at 955.

[4] *Harms v. IRS*, 146 F. Supp. 2d 1128, 1130 (D. Kan. 2001).

[5] *United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc*., 190 F.3d 1156, 1160 (10th Cir. 1999).

[6] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)) (internal citations omitted).

[7] *Id.* at 1003 (citing *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325); *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003).

Plaintiff has facially and factually challenged subject matter jurisdiction.

### B. Rule 12(b)(6)

The Court evaluates KDOL's non-jurisdictional arguments under Rule 12(b)(6), which provides a vehicle for a party to challenge the legal sufficiency of a claim. The requirements underlying the legal sufficiency of a claim stem from Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."[8] To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face."[9] "[T]he complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[10] The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[11] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[12] Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[13]

---

[8]Fed. R. Civ. P. 8(a).

[9]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[10]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original).

[11]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[12]*Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[13]*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). As it must, the Court takes all factual allegations alleged in the Complaint as true in considering whether dismissal is appropriate. Although the Complaint does not contemplate the Kansas Civil Service Board's order, Plaintiff cites to the order in her response to KDOL's

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[14] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[15] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[16] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17]

Finally, "[w]hen a defendant seeks dismissal under Rule 12(b)(1) and 12(b)(6) in the alternative, the court must decide first the 12(b)(1) motion for the 12(b)(6) challenge would be moot if the court lacked subject matter jurisdiction."[18]

### C. Rule 12(c)

"In considering a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), the court generally applies the same standards that govern motions to dismiss for failure to state

---

Motion to Dismiss. Therefore, the Court takes judicial notice of the Board's order regarding Plaintiff's dismissal solely for the purposes of res judicata analysis.

[14]*Id.*

[15]*Id.* at 679.

[16]*Id.*

[17]*Id.* at 678.

[18]*Mounkes v. Conklin,* 922 F.Supp. 1501, 1506 (D.Kan.1996) (citation omitted).

a claim under Fed. R. Civ. P. 12(b)(6)."[19] Dismissal under Rule 12(c) is allowed when the pleadings are closed and material facts are not in dispute.[20] Courts should reject judgment under Rule 12(c) "unless it is clear that the merits of the controversy can be fairly and fully decided in this summary manner."[21] The Court declines to render a judgment on the pleadings given the substantial number of admissions in which KDOL narrowed the scope or expounded on the allegations[22] contained in the Complaint and denied material facts.[23] Therefore, the Court will only evaluate dismissal under 12(b)(1) and 12(b)(6).

## II. BACKGROUND

The Court is contemporaneously filing a Memorandum and Order granting Defendant Brownlee's motion to dismiss. The Court fully incorporates the background from that Order and merely adds additional background that is solely related to Plaintiff's claims against KDOL.

In her Complaint, Plaintiff brings claims against Defendant KDOL under the Rehabilitation Act. KDOL moves for dismissal or judgment on the pleadings under Fed. R. Civ. P. 12(b)(6) and (c), and alternatively, for dismissal for lack of jurisdiction under Rule 12(b)(1). Plaintiff responded, after first conducting limited discovery, on the issue of the scope of federal funding of KDOL. Two KDOL employees, David Sprick, Administrator of Operations for the

---

[19]*Bushnell Corp. v. ITT Corp.,* 973 F. Supp. 1276, 1280 (D. Kan. 1997) (citing *Mock v. T.G. & Y. Stores Co.,* 971 F.2d 522, 528–29 (10th Cir.1992)).

[20]*Bushnell,* 973 F. Supp. at 1281.

[21]*Id.* at 1281–82.

[22]*See* Doc. 9 at ¶¶ 8, 9, 10, 11, 12, 13, 18.

[23]*See id.* at ¶¶ 18, 20 (KDOL denies that Plaintiff reported that she continued to have problems with her asthma in the workplace. The Court finds that these are material facts, which Plaintiff uses to support her Rehabilitation Act claims as discussed below).

Workers Compensation Division, and Mary Johnston, Federal Grants Program Manager, were deposed on the scope of KDOL's federal financial assistance. During her deposition, Mary Johnston testified that KDOL received federal funding for its Unemployment Insurance Division. Johnston also testified that the Workers Compensation Division, where Plaintiff worked, did not receive any funding from the federal government. The Workers Compensation Division also pays its pro rata share of any expenses or services, such as administration, that were shared with other divisions who receive federal funding.

## III. DISCUSSION

### A. *Eleventh Amendment Immunity*

The Eleventh Amendment states that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[24] The Supreme Court has repeatedly explained that the amendment confirms the historically-rooted understanding of sovereign immunity, which is that federal jurisdiction over suits against unconsenting states—even by its own citizens—"was not contemplated by the Constitution."[25] It is settled law that under the Eleventh Amendment, states are immune from suit unless (1) the state consents to suit, or (2) Congress validly abrogates the states' immunity.[26]

KDOL argues that the segregation of non-federal funds of the Workers Compensation

---

[24] U.S. CONST. amend. XI.

[25] *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996) (quoting *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)).

[26] *Id.* at 54-55; *Nelson v. Geringer*, 295 F.3d 1082, 1096 (10th Cir. 2002).

6

Division from the federal funds of the Unemployment Insurance Division limits the waiver of sovereign immunity to the Unemployment Insurance Division. However, the Supreme Court declared that Congress unequivocally expressed its intent to abrogate Eleventh Amendment immunity for violations of section 504 of the Rehabilitation Act by states that accept federal funding.[27] "[B]y accepting federal financial assistance as specified in 42 U.S.C. § 2000d-7, states and state entities waive sovereign immunity from suit."[28] "While an unequivocal expression of waiver may be effected by language in a state statute or constitutional provision, waiver may also result from a state's actions, specifically, its participation in a particular federal program."[29] KDOL's voluntary acceptance of federal funding for the Unemployment Insurance Division constitutes waiver of Eleventh Amendment immunity as to the entire department. Therefore, the Court finds that KDOL is not entitled to Eleventh Amendment immunity for Plaintiff's alleged violations of the Rehabilitation Act by the Workers Compensation Division.

### B. *Res Judicata/Rooker-Feldman*

KDOL asserts that the Court should dismiss Plaintiff's Complaint under Rule 12(b)(6) because the doctrine of res judicata bars each of Plaintiff's claims. "Federal courts give state agency determinations the same preclusive effect that the forum state's courts would afford them."[30]

---

[27] *Lane v. Pena*, 518 U.S. 187, 197 (1996).

[28] *Brockman v. Wyo. Dept. of Family Svcs.*, 342 F.3d 1159, 1168 (10th Cir. 2003).

[29] *Robinson v. Kansas*, 295 F.3d 1183, 1189 (10th Cir. 2002), *overruled on other grounds by Verizon v. Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002).

[30] *Umholtz v. Kansas, Dept. of Soc. & Rehab. Servs.*, 926 F. Supp. 2d 1222, 1232 (D. Kan. 2013) (citing *Guttman v. Khalsa,* 669 F.3d 1101, 1109 (10th Cir.2012)).

"When an administrative agency is acting in a judicial capacity and resolved disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose."[31] Res judicata is an affirmative defense on which defendant has the burden of proof.[32] For the doctrine to apply, four elements must exist: (1) a judgment on the merits in the earlier action; (2) identity of the parties or privies in the two suits; (3) identity of the cause of action in both suits; and (4) a full and fair opportunity for plaintiff to litigate the claim in the first suit.[33] "Issue preclusion may be invoked in Kansas courts when the following is shown: 1) a prior judgment on the merits which determined the rights and liabilities of the parties on the issue based upon ultimate facts as disclosed by the pleadings and judgment; 2) the parties are the same or in privity, and 3) the issue litigated must have been determined and necessary to support the judgment."[34]

Claim preclusion prevents parties or their privies from relitigating a cause of action that has been finally adjudicated by a court of competent jurisdiction.[35] It applies to claims that should have been litigated in the first action but were not.[36] By contrast, issue preclusion, or collateral estoppel, prevents relitigation of an issue by a party against whom the issue has been conclusively determined in a prior action.[37] Issue preclusion also bars issues that should have

---

[31]*United States v. Utah Const. & Min. Co.*, 384 U.S. 394, 421 (1966).

[32]*See* Fed. R. Civ. P. 8(c); *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997).

[33]*Nwosun*, 124 F.3d at 1257.

[34]*Umholtz*, 926 F. Supp. 2d at 1232.

[35]*Id*. (citations omitted).

[36]*Id*. (citations omitted).

[37]*Id*. (citations omitted).

been litigated in the first action but were not.[38]

Given that Plaintiff only appealed her dismissal as a senior administrative assistant for KDOL to the Kansas Civil Service Board (the "Board"), it cannot be said that the judgment rendered by that state administrative body pertained to the Rehabilitation Act claims before this Court. Therefore claim preclusion does not apply and the only remaining affirmative defense before the Court is issue preclusion. In considering Plaintiff's appeal, there appears to be no dispute that the Board rendered a judgment on the merits, the parties were the same, and the issues litigated were necessary to support the judgment rendered by the Board.

The only remaining question is whether any of the factual issues raised in the pleadings before this Court were determined and resolved in the Board's judgment. In support of its motion to dismiss on the basis of issue preclusion, KDOL argues that Plaintiff rehashes issues that were resolved by the Board. But, by Kansas statute, the Board was strictly tasked with determining whether or not Plaintiff's dismissal was reasonable.[39] KDOL does not and cannot point to specific findings that the Board made regarding Plaintiff's disability or her request for accommodations. The Board did not make any factual findings that related to: whether Plaintiff was a "qualified individual" with a disability; whether the State discriminated against Plaintiff; nor whether Plaintiff engaged in a protected activity in which there was a causal connection to an

---

[38]*Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1238 (10th Cir. 1992).

[39]*See Umholtz v. Kansas, Dept. of Social and Rehab Servs.*, 926 F.Supp.2d 1222, 1232 (D. Kan. 2013) (citing K.S.A. 75–2949(f) (providing that any permanent employee who is dismissed may request a hearing from the Kansas Civil Service Board to determine whether nor not such action was reasonable)).

adverse action against her.[40]  Accordingly, issue preclusion does not apply to the Board's final order.

KDOL next argues that the *Rooker-Feldman* doctrine precludes the Court from considering Plaintiff's federal claims because they are inextricably intertwined with the Board's final order.  The *Rooker-Feldman* doctrine "prevents federal courts from assuming jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"[41]  The Supreme Court has explained that the doctrine only applies in "limited circumstances," "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court."[42]  "Consequently, a complaint filed in a federal district court that seeks review and reversal of a state-court judgment is properly dismissed under *Rooker-Feldman*."[43]  While the Board acts an administrative agency of the state, the Board's final order cannot be considered a state court judgment.  The Supreme Court held that Supreme Court *Rooker-Feldman* "has no application to judicial review of executive action, including

---

[40]To state a retaliation claim under the Rehabilitation Act, Plaintiff must show: (1) that she engaged in a protected activity; (2) that she suffered a materially adverse action by KDOL either after or contemporaneous with her protected activity; and (3) a causal connection between the protected activity and the adverse action.  *Reinhardt v. Albuquerque Pub. Sch. Bd. of Educ.*, 595 F.3d 1126, 1131 (10th Cir. 2010).  To state a discrimination claim under the Rehabilitation Act, Plaintiff must show: (1) that she is disabled under the Act; (2) that she would otherwise be qualified for the job (3) that the program receives federal financial assistance; and (4) that the program has discriminated against the plaintiff.  *Wilkerson v. Shinseki*, 606 F.3d 1256, 1262 (10th Cir. 2010).

[41]*Lambeth v. Miller*, 363 F. App'x 565, 567 (10th Cir. 2010) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

[42]*Lance v. Dennis*, 546 U.S. 459, 466 (2006); *see Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 789 (10th Cir. 2008).

[43]*Erlandson*, 528 F.3d at 789.

determinations made by a state administrative agency."⁴⁴  Therefore, the Court finds that the

*Rooker-Feldman* doctrine also does not bar Plaintiff's claims.

### C. *Discrimination and Retaliation under the Rehabilitation Act*

Section 504 of the Rehabilitation Act states that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."⁴⁵  To state a discrimination claim under the Rehabilitation Act, Plaintiff must show: (1) that she is disabled under the Act; (2) that she would otherwise be qualified for the job (3) that the program receives federal financial assistance; and (4) that the program has discriminated against the plaintiff.⁴⁶

KDOL argues that Plaintiff has not alleged sufficient facts to show that she was "otherwise qualified" and that her employment was terminated solely by reason of her disability instead of her disruptive conduct.  KDOL attempts to explain away each of the elements by incorporating facts outside of the Complaint, including the facts surrounding the Board's finding that her termination was reasonable.  However, as it must, the Court only considers the facts alleged in the Complaint to determine whether Plaintiff alleged sufficient facts to support each element.

---

⁴⁴*Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002); *see Jicarilla Apache Nation v. Rio Arriba County,* 440 F.3d 1202, 1207–08 (10th Cir. 2006).

⁴⁵29 U.S.C. § 794(a).

⁴⁶*Wilkerson v. Shinseki*, 606 F.3d 1256, 1262 (10th Cir. 2010).

As to the first element, Plaintiff alleges that she suffers from asthma, and submitted to her employer, information from a healthcare provider in support of her declaration of disability.[47] As to the second element, Plaintiff further alleges that she was employed by KDOL for about seven years prior to reporting any concerns regarding fragrances and perfumes in the workplace.[48] Additionally, Plaintiff alleges that her supervisor indicated that she was "meeting her objective as expected" during a performance review on June 11, 2011. As to the third element, Plaintiff alleges that KDOL failed to provide accommodations to eliminate or substantially reduce her asthma. In fact, Plaintiff's supervisor told her that he could not assist her; and once KDOL moved her work area to the basement, she continued to be exposed to strong perfumes and fragrances by other employees who would visit her work space. As to the fourth element, Plaintiff alleges, and has learned through limited discovery, that KDOL receives federal financial assistance. The Court finds that Plaintiff has alleged sufficient facts to support a claim for discrimination under Section 504 of the Rehabilitation Act.

KDOL also challenges Plaintiff's retaliation claim. To state a retaliation claim under the Rehabilitation Act, Plaintiff must show: (1) that she engaged in a protected activity; (2) that she suffered a materially adverse action by KDOL either after or contemporaneous with her protected activity; and (3) a causal connection between the protected activity and the adverse action.[49] The Court will address each element in turn. First, Plaintiff alleges that she engaged in a protected activity by reporting fragrance issues and requesting leave under the FMLA. Second,

---

[47]Doc. 1 at ¶ 10.

[48]*Id.* at ¶¶ 7, 9.

[49]*Reinhardt v. Albuquerque Pub. Sch. Bd. of Educ.*, 595 F.3d 1126, 1131 (10th Cir. 2010).

Plaintiff alleges that she was terminated for such reports and leave requests. Third, Plaintiff alleges that days prior to her termination, she received a letter from Defendant Brownlee proposing termination for her complaints regarding the fragrance issues. Plaintiff further alleges that she wrote a written response to Defendant Brownlee explaining the validity of those reports and requesting reassignment as a feasible alternative.

But KDOL argues that any causal connection is defeated by the lack of temporal proximity.[50] Defendant began, the alleged protected activity (her reports) nearly three years prior to the alleged adverse action (her termination). The Tenth Circuit has explained that "unless the termination is *very closely* connected in time to the protected activity, the plaintiff must rely on additional evidence beyond temporal proximity to establish causation."[51] The temporal rule is useful when the factors related to the adverse action are latent. Plaintiff cites continual her reports about fragrances as the sole reason given for her proposed termination as iterated in the letter from Defendant Brownlee. Plaintiff complained and continued to complain, from on or about April 2008, through July of 2011, when she complained about denial of her FMLA claim. She was then terminated effective August 3, 2011. The Complaint clearly states facts showing a temporal proximity. Accordingly, the Court finds that Plaintiff has stated a plausible claim for retaliation.

### D. *Legal Sufficiency*

KDOL argues that Plaintiff's Rehabilitation Act claims are not legally sufficient because the state does not have the capacity to be sued and Plaintiff does not allege that the Workers

---

[50]*See Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 2009).

[51]*Id.*

Compensation Division is a "program or activity." The Court will address each argument in turn. Fed. R. Civ. P. 17(b)(3) provides that parties must have "capacity" to be sued, as determined by the law of the state where the court is located. KDOL essentially reiterates its sovereign immunity defenses by arguing that governmental entities do not have the capacity to be sued in the absence of express authorization. As explained above, KDOL's acceptance of federal funds acts as a waiver of sovereign immunity and renders any arguments against capacity ineffectual.[52]

Next, KDOL argues that Plaintiff has not alleged that the Workers Compensation Division is a "program or activity" within the meaning of the Rehabilitation Act. As discussed above, Plaintiff stated a plausible retaliation claim in the Complaint. To state a legally sufficient retaliation or discrimination claim under the Rehabilitation Act, Plaintiff was not required to allege in particular that KDOL was a "program or activity." But, Plaintiff was required to allege that KDOL, as the program or activity in question, received federal funds.[53] Plaintiff's Complaint satisfies this requirement. To the extent that KDOL argues that Plaintiff was required to allege that Workers Compensation, rather than KDOL as a whole, received federal financial assistance, the Court also rejects this argument. KDOL has cited to no case law that adopts such a narrow interpretation of a "program or activity." Plaintiff sued KDOL— not the Workers Compensation Division. Moreover, the Seventh and Third Circuits have held that if a state department or agency accepts federal funds, then it waives sovereign immunity for

---

[52]*See Brockman v. Wyo. Dept. of Family Servs.*, 342 F.3d 1159, 1168 (10th Cir. 2003).

[53]*Cf., Hollonbeck v. United States Olympic Committee*, 513 F.3d 1191, 1195-96 (10th Cir.2008)(Suit could not be brought against the United States Olympic Committee (a federally-chartered corporation) as a whole, but must be brought against the relevant individual program or programs under the umbrella of the United States Olympic Committee.).

14

Rehabilitation Act claims against the entire department or agency.[54] Applying the reasoning of these circuits, a particular division of a department or agency cannot refuse to assume federal liability by not receiving federal financial assistance when other divisions of that same department do receive such assistance. Accordingly, the Court finds that Plaintiff states a legally sufficient claim under the Rehabilitation Act.

### E. Claims for Damages

KDOL lastly contends that Plaintiff is not entitled to recover compensatory damages if she prevails on her retaliation claim under the Rehabilitation Act.[55] While the Tenth Circuit has affirmed jury awards of damages for retaliation, it has not yet reached the threshold question of whether such damages are supported by law rather than evidence.[56] Two district courts, including this Court, declined to allow compensatory damages for retaliation claims under the Rehabilitation Act.[57] The courts considered that the remedies for the Americans with Disabilities Act (the "ADA") and Rehabilitation Act are co-extensive,[58] and other circuits have held that the ADA does not provide for compensatory damages in retaliation claims.[59] In the absence of

---

[54] *Koslow v. Pennsylvania*, 302 F.3d 161, 171 (3d Cir. 2002); *Schroeder v. City of Chicago*, 927 F.2d 957, 962 (7th Cir. 1991).

[55] KDOL does not challenge that, if Plaintiff prevails on her discrimination claim pursuant to the Rehabilitation Act, then she is entitled to damages. *See Barber ex el. Barber v. Colo. Dept. Revenue*, 562 F.3d 1222, 1229 (10th Cir. 2009).

[56] *Umholtz v. Kansas, Dept. of Social and Rehab Servs.*, 926 F.Supp.2d 1222, 1231 (D. Kan. 2013) (citing *EEOC v. Wal-Mart Stores, Inc.,* 187 F.3d 1241, 1246 (10th Cir. 1999).

[57] *Id.*; *McCoy v. Dept. of Army,* 789 F.Supp.2d 1221, 1234 (E.D. Cal. 2011).

[58] *Id.*

[59] *Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1264–70 (9th Cir.2009); *Kramer v. Banc of Am. Sec.*, *LLC*, 355 F.3d 961, 964–66 (7th Cir.) *cert. denied*, 542 U.S. 932 (2004).

Tenth Circuit precedent, the Court finds the aforementioned decisions of the district and circuit courts persuasive that Plaintiff may not recover compensatory damages for retaliation under the Rehabilitation Act.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Kansas Department of Labor's Motion to Dismiss or for Judgment on the Pleadings (Doc. 16) is **GRANTED** in part with respect to Plaintiff's request for compensatory damages under Count II, and **DENIED** with respect to Plaintiff's remaining claims.

Dated: March 30, 2014

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE