## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KATHLEEN ARBOGAST,

      **Plaintiff,**

      **v.**                                                     **Case No. 13-4007-JAR**

STATE OF KANSAS, DEPARTMENT OF
LABOR,

      **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff Kathleen Arbogast brings this action against Defendant State of Kansas,

Department of Labor ("KDOL"), alleging violations of the Family and Medical Leave Act

("FMLA").  This matter is before the Court on Defendant's Motion to Dismiss (Doc. 48).

Defendant argues that as a subdivision of the State of Kansas, the KDOL does not have the

capacity to be sued under Kansas law.  The motion is fully briefed and the Court is prepared to

rule.  For the reasons stated below, the Court grants Defendant's motion and dismisses this case

without prejudice.[1]

### I.     Legal Standard

Defendant argues that this motion should be determined pursuant to Fed. R. Civ. P.

12(b)(6), which governs motions to dismiss for failure to state a claim.[2]  However, whether a

defendant possesses the capacity to be sued presents a jurisdictional question.[3]  The Court

---

[1]KDOL has also filed a Motion for Summary Judgment (Doc. 59).  Because the Court grants Defendant's motion to dismiss, the Court finds that Defendant's motion for summary judgment is moot.

[2]Fed. R. Civ. P. 12(b)(6).

[3]*Grayson v. Kansas*, No. 06-2375-KHV, 2007 WL 1259990, at *3 n. 7 (D. Kan. Apr. 30, 2007) (citing *Corder v. Kan. Bd. of Healing Arts*, 889 P.2d 1127, 1144–45 (Kan. 1994); *Whayne v. Kansas*, 980 F. Supp. 387, 392 (D. Kan. 1997)).

therefore considers Defendant's motion under Rule 12(b)(2), which governs dismissals for lack of personal jurisdiction.[4]  Under this Rule, the burden of establishing personal jurisdiction over the defendant is on the plaintiff.[5]  To make a prima facie showing of jurisdiction, the plaintiff must present "via affidavit or other written materials, facts that if true would support jurisdiction over the defendant."[6]  "In Order to defeat a plaintiff's prima facie showing of jurisdiction, a defendant must present a compelling case demonstrating that the presence of some other considerations would render jurisdiction unreasonable."[7]  The court "must resolve all factual disputes in favor of the plaintiff."[8]

## II.    Procedural and Factual Background

Plaintiff filed this action against Defendants "State of Kansas, Department of Labor" and Karin Brownlee, alleging retaliation and discrimination under The Rehabilitation Act, and interference and retaliation under the Family and Medical Leave Act.[9]  The section of Plaintiff's Complaint describing the parties states in relevant part:

> Defendant State of Kansas, Department of Labor is a governmental subdivision of, and operating pursuant to, the laws of the State of Kansas. Defendant is an agency subject to the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, as it receives federal funding.[10]

---

[4]Fed. R. Civ. P. 12(b)(2); *Grayson*, 2007 WL 1259990, at *3 n.7.

[5]*Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1295 (10th Cir. 2004).

[6]*OMI Holdings, Inc.v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir.1998).

[7]*Id.*

[8]*Bell Helicopter Textron*, 385 F.3d at 1295.

[9]Plaintiff's factual allegations are more fully described in the Court's previous Memorandum and Order granting defendant Brownlee's motion to dismiss (Doc. 33 at 1–3), and Memorandum and Order granting in part and denying in part defendant KDOL's motion to dismiss or for judgment on the pleadings (Doc. 34 at 5–6).

[10]Doc. 1 at 2.

Summons was issued to Defendant Brownlee and "State of Kansas, Department of Labor, BS on Attorney General Derek Schmidt."[11]  Defendant KDOL filed an answer, which stated in the first paragraph, "Defendant State of Kansas Department of Labor ("KDOL"), by and through its attorneys . . . states and alleges as follows."[12]

The KDOL filed an initial Motion to Dismiss and Motion for Judgment on the Pleadings on April 10, 2013.[13]  Defendant argued for dismissal on the basis of sovereign immunity and also argued that KDOL lacked the statutory capacity to be sued.  The Court denied the motion as it related to sovereign immunity, because the Court found that KDOL's acceptance of federal funds constituted a waiver of sovereign immunity for purposes of the Rehabilitation Act.[14]  The Court also denied Defendant's motion as it related to its capacity for suit argument, because the Court found that this argument was substantially similar to Defendant's sovereign immunity argument.[15]  In so holding, the Court found that "Plaintiff sued KDOL—not the Workers Compensation Division."[16]

On appeal, the Tenth Circuit held that it did not have jurisdiction to consider this Court's ruling on the KDOL's capacity argument, because the capacity issue was not "coterminous with, or subsumed in," the immunity issue.[17]  The Tenth Circuit explained that "whether KDOL has the statutory capacity to be sued under Kansas law is irrelevant to our determination of whether Eleventh Amendment immunity bars Ms. Arbogast's claims."[18]

---

[11]Doc. 4.

[12]Doc. 9 at 1.

[13]Doc. 16.

[14]Doc. 34 at 6–7.

[15]*Id.* at 13–14.

[16]*Id.* at 14.

[17]Doc. 42 at 7–8.

[18]*Id.*

## III.     Discussion

Defendant argues for dismissal on the basis that the KDOL, as the only governmental defendant in this case, does not have the capacity to be sued under Kansas law.  Plaintiff responds that the State of Kansas was "properly sued as the named defendant in this action."[19] According to Plaintiff, the caption names "State of Kansas, Department of Labor" as the named defendant only because the State of Kansas was acting by and through the Department of Labor. Thus, Plaintiff asserts that as the only governmental defendant in this case, the State of Kansas has the capacity to be sued.

Under Fed. R. Civ. P. 17(b), the capacity of a party to sue or be sued is determined "by the law of the state where the court is located."[20]  As the Kansas Supreme Court recognized in *Hopkins v. State*, under Kansas law subordinate government agencies do not have the capacity to sue or be sued in the absence of specific statutory authority.[21]  In *Hopkins*, the plaintiffs sued the Kansas Highway Patrol ("KHP"), and later amended their petition to add the State of Kansas as an additional defendant.[22]  The district court granted KHP's motion to dismiss on the basis that the KHP did not have the statutory capacity to be sued.[23]  On appeal, the Kansas Supreme Court affirmed the district court's ruling on the motion to dismiss, and held that the KHP had not been granted the capacity to be sued by statute.[24]

[19]Doc. 52 at 5.

[20]Fed. R. Civ. P. 17(b)(3).

[21]702 P.2d 311, 316 (Kan. 1985); *see also Mid Am. Credit Union v. Bd. of Cnty. Comm'rs of Sedgwick Cnty.*, 806 P.2d 479, 484–85 (Kan. Ct. App. 1991); *Fish v. Kobach*, No. 16-2105-JAR-JPO, 2016 WL 4506334, at *2–3 (D. Kan. Aug. 29, 2016); *Fugate v. Unified Gov't of Wyandotte Cnty./Kan. City, KS*, 161 F. Supp. 2d 1261, 1266 (D. Kan. 2001).

[22]*Hopkins*, 702 P.2d at 315.

[23]*Id.*

[24]*Id.* at 315.

4

Plaintiff argues that this case is distinct from *Hopkins*, because here the State of Kansas was in fact named as a defendant in conjunction with the KDOL.  Plaintiff contends that this case is more akin to *Mid American Credit Union v. Board of County Commissioners of Sedgwick County*.[25]  In that case, the Kansas Court of Appeals considered whether the plaintiff could sue the Kansas Department of Revenue ("KDR") for negligence in failing to list its vehicle lien on a certificate of title issues to a bona fide purchaser.  The court held that because the KDR was sued in conjunction with the State, and because the State of Kansas was also named as a party, the KDR had capacity to be sued.[26]  The court explained: "While the KDR may not be able to be sued alone, it may be sued in conjunction with the State."[27]

Plaintiff argues that like in *Mid American*, the State here was sued in conjunction with KDOL.  But in *Mid American*, the State was sued "by and through" the KDR.[28]  Here, by contrast, the named governmental Defendant is "State of Kansas, Department of Labor," and Plaintiff concedes that this is "*[t]he* named defendant."[29]  In her Complaint, Defendant is described as "a governmental subdivision of, and operating pursuant to, the laws of the State of Kansas."[30]  Defendant is also described as "an agency" of the State.  Defendant is not described as the State acting by and through the KDOL, and the State is not named or described as a party.  Where, as here, a governmental subdivision or agency of the State is the only named governmental defendant, that defendant does not have the capacity to sue or be sued under

---

[25]806 P.2d 479 (Kan. Ct. App. 1991).

[26]*Id.*

[27]*Id.* at 485.

[28]*Id.* at 480, 484.

[29]Doc. 52 at 5.

[30]Doc. 1.

5

Kansas law in the absence of statutory authority providing otherwise.[31]  Plaintiff has pointed the

Court to no statutory authority indicating that KDOL has the capacity to be sued.  Accordingly,

the Court grants Defendant's motion to dismiss.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant State of Kansas,

Department of Labor's Motion to Dismiss (Doc. 48) is **granted**.  The Court dismisses this case

without prejudice.

**IT IS SO ORDERED.**

Dated: September 9, 2016

                                        S/ Julie A. Robinson
                                        JULIE A. ROBINSON
                                        UNITED STATES DISTRICT JUDGE

---

[31]*See supra*, n.23.